**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4368**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TEDDY DWANE MCGEE,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Richard L. Voorhees, Senior District Judge.  (5:16-cr-00048-RLV-DSC-3)

Submitted:  March 19, 2018                    Decided:  March 30, 2018

Before TRAXLER, DIAZ, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mitchell G. Styers, BANZET, THOMPSON & STYERS, PLLC, Warrenton, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Teddy Dwane McGee appeals his conviction and 120-month sentence after pleading guilty to conspiracy to distribute and possess with the intent to distribute a mixture containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2012). McGee's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether there was an error in McGee's Fed. R. Crim. P. 11 hearing and whether his sentence is unreasonable. McGee has been notified of his right to file a pro se brief, but he has not filed one. We affirm.

McGee did not attempt to withdraw his guilty plea in the district court, and thus we review the Rule 11 hearing for plain error. *United States v. Martinez*, 277 F.3d 517, 527 (4th Cir. 2002). To establish plain error, an appellant must demonstrate "that an error (1) was made, (2) is plain (i.e., clear or obvious), and (3) affects substantial rights. Even if an appellant satisfies these elements, we may exercise our discretion to correct the error only if it seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Strieper*, 666 F.3d 288, 295 (4th Cir. 2012) (citation, alteration, and internal quotation marks omitted). Because we detect no reversible error in the district court's Rule 11 plea colloquy, we affirm McGee's conviction.

We ordinarily review a criminal sentence for both procedural and substantive reasonableness "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). However, because McGee did not argue for a different sentence or raise any specific objections to his sentence before the district court, we review all

sentencing issues, other than a substantive challenge to the length of the sentence, only for plain error. *See United States v. Hargrove*, 625 F.3d 170, 183-84 (4th Cir. 2010); *United States v. Lynn*, 592 F.3d 572, 576-78 (4th Cir. 2010). Moreover, we presume that a sentence below a properly calculated Sentencing Guidelines range is reasonable. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

Having carefully reviewed the record, we find no error, let alone plain error, in the district court's imposition of McGee's sentence. The district court properly calculated the advisory Guidelines range and sufficiently explained its reasons for imposing the sentence McGee received. Further, McGee has not made the showing necessary to rebut the presumption of reasonableness that we afford his below-Guidelines sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform McGee, in writing, of the right to petition the Supreme Court of the United States for further review. If McGee requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on McGee.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3